HOOD, Judge
(dissenting in part).
The trial judge and a majority of the members of this court have found that the track on the left of the dragline extended a few inches over the center line of the highway, and that the point of impact was in the south, or east-bound, lane of traffic. Although I think the evidence establishes that no part of the dragline extended over the center line and that the point of impact was in the west-bound lane of traffic, I have decided to yield to my colleagues in this factual finding, and I thus concur in their conclusion that Larive was negligent.
After accepting all of the facts as found by the majority, however, I still cannot agree with the conclusion reached by my colleagues that Henry Lee Fontenot, the driver of the automobile, was free from negligence.
The evidence shows that the tractor-trailer and dragline, as a unit, weighed about 100,000 pounds. It was 65 feet long and it made a very large and impressive sight as it moved along the highway at a speed of about 25 miles per hour meeting the Fontenot car. The fifty-foot boom of the dragline extended high in the air and forward over the cab of the tractor. The dragline itself was painted a bright yellow.. Although it was daylight when the accident occurred, the headlights on the truck-tractor were burning, some amber lights on the front of that vehicle were flashing, and red flags were flapping on both sides of the widest part of the dragline. Yet, despite the size and bright color of this combination of vehicles, the lighted headlights, the flashing amber lights, the flags, and the fact that visibility was good, Henry Lee Fontenot, the driver of the automobile, testified that he did not see the tractor-trailer and dragline combination at any time before the collision occurred. He stated, in fact, that he remembers nothing after he began driving his car from the work site a few minutes before the accident occurred until sometime after the vehicles had collided.
There was nothing to prevent Fontenot from seeing this large, well lighted, bright colored combination of vehicles on the highway ahead of him. Larive, the driver of the truck-tractor, and Bobby G. Miller, the driver of the following pick-up truck, saw the Fontenot car long before the vehicles met and collided. If Fontenot simply had exercised enough care to look ahead and see the vehicle which he was meeting the accident would have been avoided.
The evidence shows that the accident occurred about 9:00 o’clock in the morn *714 ing. Fontenot and the other occupants of his car had worked a 12-hour shift on an oil rig that night, getting off work about an hour before the collision took place. They obviously were tired, and Chester Godeau, the only surviving occupant of the car besides Fontenot, testified that he went to sleep as soon as he got in the automobile a few minutes before the accident occurred. I think it is logical to conclude that Fontenot also went to sleep while he was driving, since he concedes that he did not see the truck or dragline at any time before he struck it. But, whether he was asleep or not, he was negligent in failing to see the vehicles ahead of him on the highway.
Since Fontenot stated positively and repeatedly that he did not see the tractor-trailer-dragline combination of vehicles at any time before the accident occurred, I cannot understand how the majority reached its conclusion that Fontenot “could properly assume that the truck or its load would not intrude into his lane of travel until he acquired notice of such fact,” and that Fontenot was not negligent “in failing to realize that the dragline track obstructed his lane of travel in time to have reasonably avoided it under the circumstances.”
I feel that Fontenot was grossly negligent in failing to maintain a proper lookout for approaching traffic on the highway, and that his negligence was a proximate cause of the accident.
There is another reason why I am convinced that Fontenot was negligent. The evidence shows that the left front headlight of his car struck the extreme rear part of the left track of the dragline. The truck and dragline, according to all of the testimony, were parallel to the center line of the highway when the accident occurred. If the Fontenot automobile had been traveling parallel to the center line, then it either would have missed striking the vehicles altogether or it would have struck the front part of the dragline track instead of the rear part of it. The fact that the left front part of the car struck the rear of the left track of the dragline, near the extreme rear end of the 65 foot long tractor-trailer-dragline combination, shows that the car was turned or cut to its left, into or toward the dragline, after it had passed the front part of that dragline. In my opinion, Fontenot, the driver, clearly was negligent in not maintaining proper control of his automobile as he met and passed the tractor-trailer being driven by Larive.
For these reasons, I respectfully dissent from that part of the majority opinion which finds that Fontenot was free from negligence.
On Application for Rehearing.
En Banc. Rehearing denied.
Hood, J., is of the opinion that a rehearing should be granted.